979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Warren MALLEY, Defendant-Appellant.
 No. 92-50067.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 12, 1992.
 
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Warren Malley pleaded guilty to eight counts of bank robbery and admitted committing fifteen other bank robberies for sentencing purposes in violation of 18 U.S.C. § 2113(a). He appeals his sentence. We have jurisdiction to review the legality of Malley's sentence under 28 U.S.C. § 1291. We affirm.
 
 BACKGROUND
 
 3
 On several occasions before sentencing, Malley moved for a continuance to allow him to obtain the results of an HIV test and to prepare for sentencing. The district court denied Malley's requests, but stated that if the results were not available in time, it would assume for the purpose of sentencing that Malley was HIV positive. Malley nevertheless contends that the district court's refusal to grant a continuance was error.
 
 
 4
 Malley also contends that he made numerous attempts to provide assistance to the prosecution and that these attempts were ignored. Consequently, Malley suggests that the government denied him an opportunity for a downward departure based on substantial assistance.
 
 
 5
 With the exception of these alleged errors, Malley concedes that the district court otherwise properly calculated a guideline range of 151-188 months. The district court sentenced Malley to 151 months based in part on the assumption that Malley was HIV positive.
 
 
 6
 Malley contends that his sentence is illegal because the district court did not consider whether he deserved a downward departure under U.S.S.G. § 5H1.4 based on his positive HIV status and because the government's reasons for refusing his assistance were vindictive.
 
 DISCUSSION
 
 7
 Malley contends that he was entitled to a continuance of his sentencing in order to obtain the results of his HIV test. We review for abuse of discretion the district court's denial of the continuance. United States v. Robinson, 967 F.2d 287, 291 (9th Cir.1992). To determine whether the denial was fair and reasonable we consider several factors:
 
 
 8
 "whether the continuance would inconvenience witnesses, the court, counsel, or the parties; whether other continuances have been granted; whether legitimate reasons exist for the delay; whether the delay is the defendant's fault; and whether a denial would prejudice the defendant."
 
 
 9
 Id. (quoting United States v. Studley, 783 F.2d 934, 938 (9th Cir.1986)).
 
 
 10
 The district court assumed that Malley was HIV positive for purposes of sentencing. Consequently, there was no legitimate reason for the continuance and Malley was not prejudiced. We therefore find that the district court did not abuse its discretion by denying the continuance.
 
 
 11
 Malley contends that he may be entitled to a downward departure because he is HIV positive. Malley admits that this issue was not specifically raised before the district court. Consequently, we do not address this issue on appeal because the district court did not commit plain error by not considering a downward departure based on Malley's HIV status. United States v. Martinez-Gonzalez, 962 F.2d 874, 877 (9th Cir.1992).
 
 
 12
 Malley also contends for the first time on appeal that he desired, but was not allowed, to cooperate with the government. Therefore, he contends further, he was deprived of the opportunity for a downward departure under U.S.S.G. § 5K1.1. Malley cites no support in the record indicating that he attempted to cooperate with the government before sentencing. The district court did not commit plain error by failing to downward depart based on substantial assistance.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3