996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Haji Mohammed ASHRAF, Defendant-Appellant.
 No. 91-10237.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1993.
Decided June 18, 1993.
 
 Before LAY,* HUG and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Haji Mohammed Ashraf appeals his conviction for possession of heroin with intent to distribute under 21 U.S.C. § 841(a)(1), and conspiracy to import and importation of heroin under 21 U.S.C. § 952. Ashraf argues on appeal that (1) the court improperly limited cross-examination of a government agent, and (2) he was denied effective assistance of counsel when the court refused to grant a continuance. We affirm.
 
 
 3
 Appellant's conviction is based on the United States Customs' interception of shipments of Afghani rugs containing heroin. Ashraf shipped 150 rugs from Pakistan to California. Upon arrival, Customs inspectors discovered heroin in the rugs. Ashraf and Naim Kabir, who had agreed to receive the shipment from overseas, went to San Francisco Airport to arrange for the rugs to be cleared through Customs and delivered to Kabir's home. Ashraf and Kabir were arrested at Kabir's home upon delivery of the rugs. Agents found several notes and papers in Ashraf's effects that linked him to the rugs, including a letter making reference to an individual previously arrested for shipping heroin in Afghani rugs. Ashraf maintained his innocence throughout, claiming that he is a Mujahideen freedom fighter who sold the carpets to help finance his groups' efforts. The defense theory at trial was that Ashraf was used by others unknowingly to ship the heroin into the United States.
 
 
 4
 The district court granted several motions and continuances that delayed trial fifteen months from the initial date set. On the day before trial, Ashraf again made a motion for a continuance in order to contact potential witnesses in Afghanistan. The motion was denied. Ashraf was subsequently convicted.
 
 I. Limitation on Cross-Examination
 
 5
 At trial, Agent Art Hubbard testified concerning the heroin trade in New York and the type of heroin exported from Afghanistan. On cross-examination the defense attempted to question Agent Hubbard about his knowledge of Pakistani government involvement in drug trafficking. Ashraf's attorney stated that he had information from a newspaper correspondent to support the questioning. The district court refused to allow this line of questioning, stating that "newspaper articles and such" was an insufficient basis. We review the district court's decision to limit the scope of cross-examination for an abuse of discretion. United States v. Dischner, 960 F.2d 870, 881 n. 12 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993).
 
 
 6
 The district court limited cross-examination of Agent Hubbard because defense counsel failed to show a "concrete basis" for the proposed questions. Ashraf's counsel admitted that the questioning limited by the court was based on information from newspaper articles. This court has rejected similar evidence in the past. United States v. Posey, 864 F.2d 1487, 1491 (9th Cir.1989) (evidence inadmissible where it is "not directly pertinent to establishing appellant's state of mind"); United States v. Bordallo, 857 F.2d 519, 526 (9th Cir.1988) (government's evidence regarding political attitudes towards bribery in Guam "irrelevant because even if payoffs were common, this does not establish [appellant's] involvement"), cert. denied, 493 U.S. 818 (1989). Further, the defense fails to demonstrate how testimony regarding the alleged Pakistani government's involvement in drug trafficking relates to Ashraf's case. Despite Ashraf's protestations to the contrary, the court's exclusion of this evidence did not deny him the opportunity to show that he was an unknowing dupe in a sophisticated smuggling scheme.
 
 II. Effective Assistance of Counsel
 
 7
 Ashraf's second argument is that the court's denial of a continuance on the eve of trial denied him effective assistance of counsel. Specifically, Ashraf contends that the court's ruling denied him the opportunity to contact witnesses. We disagree.
 
 
 8
 We review the district court's denial of a continuance for abuse of discretion. United States v. Robinson, 967 F.2d 287 (9th Cir.1992). Several factors inform our decision whether the district court abused its discretion: "whether the continuance would inconvenience witnesses, the court, counsel, or the parties; whether other continuances have been granted; whether legitimate reasons exist for the delay; whether the delay is the defendant's fault; and whether a denial would prejudice the defendant." Id. at 291 (quoting United States v. Studley, 783 F.2d 934, 938 (9th Cir.1986)). Ashraf fails this test.
 
 
 9
 The court had previously granted three continuances, thus delaying the trial for over a year. Ashraf admittedly failed to provide counsel with information concerning the witnesses at issue until the eve of trial. Although counsel's actions may have been diligent, Ashraf's were not. Based on these facts, we cannot say that the district court abused its discretion.
 
 
 10
 Accordingly, the judgment is AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3