12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marcelino CARILLO, Defendant-Appellant.
 No. 92-50754.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Nov. 29, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marcelino Carillo appeals his convictions following jury trial for possession with intent distribute heroin and conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. Secs. 841(a)(1), 846. Carillo claims he received ineffective assistance of counsel because his attorney failed fully to investigate a government witness' medical background for possible impeachment evidence. Carillo also contends the district court erred by admitting under Fed.R.Evid. 801(d)(2)(E) a statement made by his co-defendant without sufficient independent evidence corroborating Carillo's connection to the heroin conspiracy. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Carillo argues he received ineffective assistance of counsel because his trial counsel failed fully to investigate the medical background of a key government witness, paid informant Osvaldo Padron Garcia. We decline to address the merits of Carillo's claim.
 
 
 4
 Ineffective assistance of counsel claims ordinarily should be raised by way of collateral attack in a 28 U.S.C. Sec. 2255 proceeding because such claims require development of facts outside the record. United States v. Bosch, 951 F.2d 1546, 1549 (9th Cir.1991), cert. denied, 112 S.Ct. 2975 (1992). We permit direct appellate review only when the record reveals the defendant's legal representation was so inadequate he was obviously denied his Sixth Amendment right to counsel. United States v. Robinson, 967 F.2d 287, 290-91 (9th Cir.1992).
 
 
 5
 Here, the record does not reveal what actions Carillo's trial attorney took to investigate Garcia's medical background after he obtained a letter written by a medical officer in 1980 stating that Garcia had severe psychiatric problems. Because Carillo's ineffective assistance of counsel claim requires development of facts outside the record, we decline to address it. See Bosch, 951 F.2d at 1549.
 
 
 6
 Carillo also contends that the admission into evidence of an out-of-court statement implicating him in the heroin conspiracy was error because the government failed to proffer independent proof that Carillo knew about and participated in the conspiracy as required under Fed.R.Evid. 801(d)(2)(E) and admission of the statement violated his constitutional right to confront the witnesses against him. This argument lacks merit.
 
 
 7
 Whether we review a district court's decision to admit co-conspirator hearsay statements pursuant to Fed.R.Evid. 801(d)(2)(E) under a de novo or clear error standard is not settled. United States v. Tamez, 941 F.2d 770, 775 (9th Cir.1991). Under either standard, however, the district court properly admitted the out-of-court statement.
 
 
 8
 The confrontation clause requirements for the admission of co-conspirator's statements are identical to the requirements under Fed.R.Evid. 801(d)(2)(E). Bourjaily v. United States, 483 U.S. 171, 182 (1987). Rule 801(d)(2)(E) provides that a statement made by a co-conspirator during the course and in furtherance of the conspiracy is not hearsay if it is offered against a party. Fed.R.Evid. 801(d)(2)(E). The government must establish the defendant's knowledge of and participation in the conspiracy by a preponderance of the evidence before the statement may be admitted into evidence. United States v. Silverman, 861 F.2d 571, 576 (9th Cir.1988); see also United States v. Miller, 981 F.2d 439, 442 (9th Cir.1992), cert. denied, 113 S.Ct. 2945. The district court may provisionally admit a co-conspirator's statement subject to a motion to strike if the defendant's connection to the conspiracy is not established. United States v. Loya, 807 F.2d 1483, 1490 (9th Cir.1987).
 
 
 9
 Here, the district court permitted government witness Garcia to testify to the following out-of-court statement implicating Carillo in the heroin conspiracy: "Defendant [Santiago] Quintero[-Chaidez] told me that there was absolutely no problem with him [Carillo], that I should trust him, that he was the person that was coming to pick up the money from the heroin deal." The district court admitted the statement over Carillo's objection but subject to the government's proffer of evidence that Carillo was involved in a conspiracy to sell heroin.
 
 
 10
 The government proffered the following evidence to show Carillo's connection with the conspiracy to sell heroin.
 
 
 11
 Garcia testified he arranged to purchase heroin from Santiago Quintero-Chaidez on June 1, 1992. When Garcia arrived at Quintero-Chaidez' home to buy the heroin, Carillo was present. After ensuring that Garcia had the cash, Quintero-Chaidez asked Carillo to bring him "the stuff." Carillo retrieved a garbage bag containing two smaller bags of heroin from Quintero-Chaidez' backyard. When Garcia twice questioned the quality of the heroin, Carillo responded, "The merchandise is good," on both occasions.
 
 
 12
 Drug Enforcement Agent Reynosa testified that when he interviewed Carillo at the scene of arrest, Carillo admitted he was being paid approximately $1,000 to protect the heroin and collect the money. Carillo also told Agent Reynosa the heroin was located at the back of Quintero-Chaidez' residence.
 
 
 13
 Drug Enforcement Agent Burns testified that subsequent to Quintero-Chaidez' arrest, he removed an attorney's business card from Quintero-Chaidez' wallet. Carillo's telephone number was written on the back of the card along with the telephone numbers of other persons involved in the transaction. Agent Burns also recovered Quintero-Chaidez' telephone bill revealing Quintero-Chaidez had called Carillo seven times between May 25, 1992 and May 28, 1992.
 
 
 14
 We hold the district court did not err by admitting the out-of-court statement under Fed.R.Evid. 801(d)(2)(E). Carillo's presence at the scene of the heroin sale, his actions retrieving the heroin from Quintero-Chaidez' backyard, his statements to Garcia regarding the quality of the heroin, and his admissions to Reynosa sufficed to establish his connection to the conspiracy to sell heroin. See Miller, 981 F.2d at 442.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3