15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Lee HOOBLER, Defendant-Appellant.
 No. 93-30025.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 3, 1994.
Decided Jan. 28, 1994.
 
 Before: POOLE, TROTT and KING*, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Lee Hoobler appeals his conviction for possession of a firearm in violation of 26 U.S.C. Secs. 5861 and 5867, on grounds the district court erred in denying his motion to suppress statements and evidence seized from his van. Defendant also appeals his sentence, arguing the government did not carry its burden of proving his prior convictions and that he is not a "prohibited person," under U.S.S.G. Sec. 2K2.1.
 
 
 3
 * Search of Hoobler's Van
 
 A. Validity of Consent
 
 4
 A district court's determination whether a defendant voluntarily consented to a search depends on the totality of the circumstances and is a question of fact reviewed under the clearly erroneous standard. United States v. George, 987 F.2d 1428, 1431 (9th Cir.1993). Hoobler argues he did not validly consent to the search of his van because he was so intoxicated he was per se incompetent to consent.
 
 
 5
 For consent to be valid, the consentor's will must not be overborne nor his capacity for self-determination critically impaired. Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973); Culombe v. Connecticut, 367 U.S. 568, 602 (1961). For a prosecutor " 'to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given.' " Schneckloth, 367 U.S. at 222 (quoting Bumper v. North Carolina, 391 U.S. 543, 548 (1968)).
 
 
 6
 The record indicates that when the officers asked Hoobler whether they could check the van, he responded, "yeah check it." Although Hoobler testified he did not remember precisely what occurred the night he was arrested, the record indicates he was able to answer various questions the police asked him, did not answer other questions, and was able to fabricate a story to explain the silencer. This suggests his will was not overborne nor his capacity for self-determination critically impaired.
 
 
 7
 Hoobler also argues his consent was not voluntary because the police did not specify that they wanted to "search" the van, but that they wanted to "check it." However, just prior to asking the question, the officer asked Hoobler whether there were any drugs inside the van. Under the totality of the circumstances, the district court did not clearly err in concluding that Hoobler voluntarily consented.
 
 
 8
 Finally, Hoobler argues the Ninth Circuit's conclusion in Gladden v. Unsworth, 396 F.2d 373 (9th Cir.1968), that a defendant may have been too intoxicated to confess to murder, supports the conclusion that Hoobler was too intoxicated to consent to the search. In Gladden, the Ninth Circuit remanded the case to the district court to hold a hearing to determine whether the defendant was too intoxicated to confess to murder. In the instant case, the district court has already heard evidence concerning Hoobler's capacity to consent and decided he voluntarily consented. Further, because the privilege against compulsory self-incrimination can be waived only if knowing and voluntary and consent must only be voluntary, Gladden does not control. See Schneckloth, 412 U.S. at 241.
 
 
 9
 We decline appellant's invitation to establish a blood alcohol level beyond which a person's alleged consent would be involuntary as a matter of law. The district court did not commit clear error by determining that Hoobler validly consented to the search of his van.
 
 B. Scope of Consent
 
 10
 A trial court's findings that the scope of a search has not been exceeded is reviewed for clear error. United States v. Huffhines, 967 F.2d 314, 319 (9th Cir.1992). "The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness--what would the typical reasonable person have understood by the exchange between the officer and the suspect?" Florida v. Jimeno, 111 S.Ct. 1801, 1803-04 (1991).
 
 
 11
 Sergeant Cook told Hoobler he believed Hoobler was under the influence of intoxicants, asked him whether he had used any drugs, and then asked him whether the officers could check the van. Hoobler consented. A reasonable person would understand the exchange to be a consent to search the van for drugs. Further, "it was objectively reasonable for the police to conclude that the general consent to search [the van] included consent to search containers within that [van] which might bear drugs." Id. at 303. The search did not exceed the scope of Hoobler's consent.
 
 II
 Sentencing Issues
 A. Burden of Proving Prior Convictions
 
 12
 The legality of a sentence is reviewed de novo. United States v. Fine, 975 F.2d 596, 599 (9th Cir.1993) (en banc). "The district court's factual findings relating to prior convictions are reviewed for clear error." United States v. Robinson, 967 F.2d 287, 287 (9th Cir.1992).
 
 
 13
 United States Sentencing Guideline Sec. 2K2.1(a)(4)(B) states that the base offense level is "20, if the defendant ... is a prohibited person, and the offense involved a firearm listed in 26 U.S.C. Sec. 5845(a)." U.S.S.G. Sec. 2K2.1 (Nov. 1992). The comments define "prohibited person" as "anyone who: (i) is under indictment for, or has been convicted of, a 'crime punishable by imprisonment for more than one year,' as defined by 18 U.S.C. Sec. 921(a)(20)...." Id., cmt. 6.
 
 
 14
 Hoobler argues the burden of proving his two prior felony convictions falls on the government, and because the prosecution did not present evidence of the felony convictions, the district court could not conclude that Hoobler was a "prohibited person" within the meaning of Sec. 2K2.1. He does not argue the convictions are invalid, but that the prosecution, not the probation department, should have presented the court with evidence of the convictions. Hoobler's sole support for this position is United States v. Restrepo, 946 F.2d 654 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992).
 
 
 15
 Restrepo, however, merely held that the factors upon which a sentence is based must be established by a preponderance of the evidence. Id. at 661. The court stated that "the preponderance of the evidence standard is a meaningful one that requires the judge to be convinced 'by a preponderance of the evidence that the fact in question exists.' " Id. Because the district court had before it certification of Hoobler's two prior convictions, it was not clear error for the court to be convinced by a preponderance of the evidence that Hoobler had been convicted twice before.
 
 B. Restoration of Civil Rights
 
 16
 Hoobler argues one of his felony convictions is invalid because he had his civil rights restored. Title 18 U.S.C. Sec. 921(a)(20) states:
 
 
 17
 What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such ... restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms.
 
 
 18
 Id. (emphasis added).
 
 
 19
 Oregon law makes it a felony for "[a]ny person who has been convicted of a felony under the law of [Oregon] or any other state" to possess a firearm. O.R.S. Sec. 166.270(1). Section 166.270(4)(a) states subsection (1) does not apply
 
 
 20
 to any person who has been ... [c]onvicted of only one felony under the law of this state or any other state, ... and who has been discharged from imprisonment, parole or probation for said offense for a period of 15 years prior to the date of alleged violation of subsection (1) of this section....
 
 
 21
 O.R.S. Sec. 166.270(4)(a) (emphasis added).
 
 
 22
 Hoobler was convicted of two prior felonies, so O.R.S. Sec. 166.270(1) applies to him. Because section 166.270(1) prohibits Hoobler from possessing firearms, the district court correctly concluded that Hoobler is a prohibited person under 18 U.S.C. Sec. 921(a)(20).
 
 
 23
 We AFFIRM.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3