24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis HAMPTON, Defendant-Appellant.
 No. 93-30163.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1994.
Decided April 26, 1994.
 
 Before: WRIGHT, TANG and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury convicted Hampton of 25 counts of mail and wire fraud arising from a telemarketing scheme. On this direct appeal the only claims before us relate to ineffective assistance. We decline to decide these claims.
 
 
 3
 "Ineffective assistance claims are ordinarily reviewed only in collateral proceedings [under 28 U.S.C. Sec. 2255] because such claims usually cannot be resolved without the development of facts outside the original record." United States v. Sitton, 968 F.2d 947, 960 (9th Cir.1992) (citations omitted), cert. denied, 113 S.Ct. 1306 (1993). These claims may be reviewed on direct appeal in two instances: "1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or 2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992) (citations omitted).
 
 
 4
 We cannot discern from this record whether Hampton's attorney knew of matters critical to the diminished capacity defense earlier than he admitted, or whether he neglected altogether to make a reasonable inquiry. See United States v. Molina, 934 F.2d 1440, 1449 (9th Cir.1991). The record is similarly incomplete on his claims that his attorney advanced only a defense inconsistent with jury instructions and abandoned him at sentencing.
 
 
 5
 Because the record is incomplete and there is no obvious denial of the right to counsel, we decline to decide Hampton's claims of ineffective assistance. If Hampton wishes to pursue these claims he may do so only in a collateral proceeding, in which event Lynn Reilly has volunteered to represent him.
 
 
 6
 The judgment and sentence are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3