UNITED STATES of America, Plaintiff—Appellee,

v.

Rexielito J. GLORY, Defendant—Appellant.

No. 02–10032.

D.C. No. CR–01–00061–JSU.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 17, 2003.

Martinez has reentered the country and thus become subject once again to the terms of supervised release.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM**

Rexielito J. Glory appeals his 262–month sentence following a conviction by guilty plea for one count of distributing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Glory contends that the district court committed plain error by determining that he was a leader or organizer pursuant to U.S.S.G. § 3B1.1(c). This contention lacks merit because Glory admitted that he supervised and exercised authority over at least one other participant in the criminal activity. *See United States v. Maldonado,* 215 F.3d 1046, 1050 (9th Cir.2000) (concluding that a supervising defendant need

only exercise authority over one individual to warrant two-level upward adjustment).

Glory also contends that he was denied effective assistance of trial counsel. We decline to reach this issue on direct appeal. *See United States v. Robinson,* 967 F.2d 287, 290 (9th Cir.1992) (stating that ineffective assistance of counsel is more properly raised on collateral attack under 28 U.S.C. § 2255 unless the record is sufficient or there is an obvious denial of adequate representation).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

