**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Daisy BURLINGAME, Defendant—**
**Appellant.**

**No. 04–50076.**

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Nov. 16, 2005.

Filed Feb. 24, 2006.

Becky S. Walker, Esq., Office of the U.S. Attorney, Los Angeles, CA, Gregory W. Staples, Office of the U.S. Attorney, Santa Ana, CA, Joel E. Leising, Esq., Elizabeth A. Olson, Esq., U.S. Department of Justice, Washington, DC, for Plaintiff-Appellee.

Diana M. Cavanaugh, Esq., William J. Kopeny, Esq., William J. Kopeny & Associates, Irvine, CA, James D. Riddet, Esq., Stokke & Riddet, ALC, Santa Ana, CA, for Defendant-Appellant.

Before: HUG and WARDLAW, Circuit Judges, and SINGLETON,* District Judge.

## MEMORANDUM **

Daisy Burlingame appeals her conviction and sentence for her role in a scheme to fraudulently obtain "advance fees," wherein potential borrowers were falsely promised multi-million dollar loans in return for upfront payments. A jury convicted Burlingame of ten counts, including conspiracy, mail and wire fraud, and money laundering. Burlingame received a 63-month sentence. Appealing her conviction, Burlingame makes three arguments: 1) the district court's jury instruction was defective on the good-faith defense to fraud; 2) the government improperly vouched for a key witness; and 3) the government's expert witness impermissibly opined that Burlingame was guilty, and Burlingame suffered ineffective assistance of counsel by her attorney eliciting this opinion.[1] Regarding her sentence, Burlingame and the government agreed on appeal that it must be vacated and remanded for resentencing in light of *Booker* and *Ameline*.

We affirm Burlingame's conviction and vacate her sentence and remand for resentencing.

---

* The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1. Burlingame also argued in her opening brief that the district court erred by failing to give an instruction permitting the jury to give full value to accomplice testimony that was favorable to her. In her reply brief, however, Burlingame conceded that this argument was foreclosed by *United States v. Tirouda*, 394 F.3d 683, 688 (9th Cir.2005).

*Jury Instruction*

■ An allegedly improper jury instruction is reviewed for plain error, when there was no objection at the time of trial. *Jones v. United States,* 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999); *United States v. Recio,* 371 F.3d 1093, 1099–1102 (9th Cir.2004).

The allegedly improper jury instruction in Burlingame's trial limited the "good-faith" defense to fraud:

> [A]n honest belief on the part of a defendant that a particular business venture was sound and would ultimately succeed would not in and of itself constitute good faith ... if, in carrying out that venture, the defendant knowingly made false or fraudulent ... representations to others with the specific intent to deceive them.

Giving this instruction was not plain error. It correctly states the law. Even if Burlingame believed that the loan scheme was sound, there was strong evidence that Burlingame made false statements to induce borrowers to pay the advance fees, which deprived borrowers of the ability to make discretionary judgments on full information.

*Vouching*

■ Claims that a prosecutor improperly vouched for the credibility of a witness are reviewed for plain error, when no objection was made by the defendant at trial. *United States v. Necoechea,* 986 F.2d 1273, 1276 (9th Cir.1993).

At Burlingame's trial, the prosecutor declared in his opening statement:

> Consider the testimony of every witness and that of Mr. Parker. And to determine if Mr. Parker's a credible witness, you compare what he says to what the other witnesses will tell you, and I can guarantee you that you will find that the testimony of Mr. Parker on the key issues in this case is, in fact, credible.

The prosecutor did not say or intimate that he was expressing his own opinion of Parker's testimony from any independent knowledge he might have, but rather that he was encouraging the jury to compare Parker's testimony with that of other witnesses. He was just expressing his opinion of what the evidence before the court would reveal. This did not constitute vouching.

■ Neither of the two other claims of vouching has merit. First, Burlingame claimed as vouching the government's questioning of Parker about the provisions in his plea agreement requiring truthful testimony and prohibiting false statements. Burlingame's attorney, however, had first questioned Parker's credibility by bringing up the plea agreement's truthfulness provision. "[R]eferences to requirements of truthfulness in plea bargains do not constitute vouching when the references are responses to attacks on the witness' credibility because of his plea bargain." *United States v. Shaw,* 829 F.2d 714, 716 (9th Cir.1987). Second, Burlingame's reply brief also argued that statements by the prosecutor at the close of trial were vouching, but that argument was waived because "on appeal, arguments not raised by a party in its opening brief are deemed waived." *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).

*Expert Opinion/Ineffective Assistance*

■ The trial court's decision to admit expert testimony is reviewed for abuse of discretion and is reversed only if "manifestly erroneous." *United States v. Gonzales,* 307 F.3d 906, 909 (9th Cir.2002).

Burlingame argues that Federal Reserve official Herbert Biern's expert testimony included the inadmissible opinion that Burlingame knew that the loan scheme was fraudulent. Federal Rule of

Evidence 704(b) prohibits experts from "stat[ing] an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged." This court has repeatedly found that expert opinions do not violate 704(b) when they address hypothetical or "typical" situations involving the same evidence as in the case at trial. *See, e.g., Gonzales,* 307 F.3d at 911–12; *United States v. Gomez–Norena,* 908 F.2d 497, 502 (9th Cir.1990). Biern offered his opinion regarding a "person" and "people involved with scams," but did not address Burlingame's individual mental state. The trial court did not err in admitting the opinion.

■ Related to the expert opinion issue, Burlingame brings an ineffective assistance of counsel argument, because her trial attorney elicited Biern's opinion. We also reject this claim. Ineffective assistance claims are not proper on direct appeal unless either the record is sufficiently detailed to permit review and determination of the claim, or the legal representation was so inadequate as to deprive Burlingame of her Sixth Amendment right to counsel. *See United States v. Robinson,* 967 F.2d 287, 290 (9th Cir.1992). Neither situation is present in Burlingame's appeal.

*Sentencing*

■ Where a defendant did not make a Sixth Amendment objection to her sentence to the district court, her claim is reviewed for plain error. *United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc). A defendant meets her burden under plain error of showing that the error affected her substantial rights if she can "demonstrate a reasonable probability that [s]he would have received a different sentence had the district judge known that the sentencing guidelines were advisory." *Id.*

In post-sentencing proceedings, the district court stated that it believed that Burlingame's 63–month sentence was not proportional to her relative culpability and actual conduct. The court cited *United States v. Booker* for its holding that mandatory Sentencing Guidelines violated defendants' Sixth Amendment rights and for its emphasis on "similar relationships between sentences and real conduct." 543 U.S. 220, 125 S.Ct. 738, 761, 160 L.Ed.2d 621 (2005). The court also stated that a 46–57 month sentence would be appropriate if it were to resentence Burlingame under *Booker.* Booker applies to Burlingame's case, since it was published while her case was pending on direct review. *See id.* at 769. There is plain error under *Ameline,* since Burlingame has shown a reasonable probability of a shorter sentence under advisory-only Sentencing Guidelines.

Conviction AFFIRMED; Sentence VACATED and REMANDED for resentencing.