**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Richard A. SUBICA, Defendant—
Appellant.**

**No. 04–10372.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Thomas C. Muehleck, Omer G. Poirier, Office of the U.S. Attorney, PJKK Federal Building, Honolulu, HI, for Plaintiff—Appellee.

Shawn A. Luiz, Esq., Law Offices, Honolulu, HI, for Defendant—Appellant.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

MEMORANDUM **

Richard A. Subica appeals from his guilty-plea conviction and sentence for being an unlawful user of a controlled substance in possession of ammunition, in violation of 18 U.S.C. § 922(g)(3), and possession of a firearm and ammunition by a person previously convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). We have jurisdiction pursuant to 28 U.S.C.

§ 1291, and we affirm in part and dismiss in part.

Subica contends that the district court "abused its discretion in concluding that his was a firearm in commerce." He argues that 18 U.S.C. § 922(g) is unconstitutional under *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). This contention lacks merit. *See United States v. Jones*, 231 F.3d 508, 514–15 (9th Cir.2000) (stating that § 922(g) is constitutional under the Commerce Clause and constitutes a valid exercise of Congress' power to regulate interstate commerce under *Lopez* ).

Subica next contends that the district court erred by denying a downward adjustment at sentencing. We dismiss the appeal with regard to Subica's challenge to his sentence, because the record reveals that Subica knowingly and voluntarily entered an unqualified waiver of his right to appeal his sentence. *See United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered knowingly and voluntarily).

Subica further contends that his counsel was ineffective for allowing him to waive his right to appeal in his plea agreement. We decline to review Subica's ineffective assistance of counsel claim because such claims are generally inappropriate on direct appeal. *See United States v. Robinson*, 967 F.2d 287, 290 (9th Cir.1992) (stating that ineffective assistance of counsel is more properly raised on collateral attack under 28 U.S.C. § 2255, unless the record is sufficiently developed or there is an obvious denial of adequate representation).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**60**

AFFIRMED in part, DISMISSED in part.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.