UNITED STATES of America, Plaintiff—Appellee,

v.

Lawrence JACKSON, Defendant—Appellant.

No. 05–10212.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2006.

Decided April 12, 2006.

---

---

Michael T. Morrissey, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff—Appellee.

Anders V. Rosenquist, Jr., Esq., Florence M. Bruemmer, Esq., Rosenquist & Associates, Phoenix, AZ, for Defendant—Appellant.

Before: NOONAN and BYBEE, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

The facts of this case are known to the parties.

■ Jackson challenges the jury's guilty verdict on the ground that the evidence presented by the government was insufficient to convict him as a matter of law. At trial, the government introduced testimony from multiple witnesses, each of which stated that Jackson had participated and taken the lead in the murder of Victor Villareal, as well as in the attempted cover-up. The government also introduced physical evidence that corroborated these witnesses' testimony in important ways. "[V]iewing th[is] evidence in the light most favorable to the prosecution," *United States v. Lynch,* 437 F.3d 902, 915 (9th Cir.2006), and drawing all reasonable inferences in favor of the government, *see United States v. Labrada–Bustamante,* 428 F.3d 1252, 1260 (9th Cir.2005), this evidence was more than sufficient to establish Jackson's guilt beyond a reasonable doubt.

"Claims of ineffective assistance of counsel are generally inappropriate on direct appeal." *United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000). Ineffective assistance claims "may be reviewed on direct appeal in two instances: 1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or 2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Robinson,* 967

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

F.2d 287, 290 (9th Cir.1992) (internal citations omitted).

■ Neither of these scenarios is presented here. The record establishes some baseline facts about Jackson's attorney Rood's efforts, but it is not sufficiently developed to answer many questions about his actions. Nor does the record establish—or even suggest—that Rood's performance was so inadequate as to "obviously den[y Jackson] his Sixth Amendment right to counsel." *Id.* We therefore decline to consider Jackson's ineffective assistance of counsel claim.

■ Lastly, Jackson asks for a remand under *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005). To receive a remand under *Ameline,* a defendant must establish that his "substantial rights" have been affected by the district court mistakenly sentencing him as if the advisory sentencing guidelines were mandatory. *See id.* at 1074–75; *id.* at 1078. Here, some of Jackson's convictions require a mandatory minimum sentence of life imprisonment. Consequently, any other sentences that the district court imposed for Jackson's other convictions could not have affected his substantial rights, and *Ameline* does not apply.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.