UNITED STATES of America,
Plaintiff—Appellee,

v.

Sylvester THOMAS, Defendant—
Appellant.

No. 06–10283.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2007.

Filed March 19, 2007.

Darcy A. Cerow, AUSA, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Philip E. Hantel, Esq., Phoenix, AZ, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM *

Sylvester Thomas appeals his sentence of 18 months' imprisonment and 60

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

months' supervised release, imposed upon revocation of his supervised release. 18 U.S.C. § 3583(e). We affirm.

## I

■ Thomas contends that the district court was without jurisdiction to revoke supervised release because the original sentencing judge, Judge Manuel Real of the Central District of California, had retained jurisdiction. However, a close reading of the transfer form indicates that Judge Real was attempting to retain jurisdiction over changes to "the period" of Thomas's term of supervised release. A decision to revoke supervised release for violation of conditions is not the same thing as a decision to change the period of supervised release. In short, by the very terms of the transfer order, Judge Real did not even attempt to retain jurisdiction over revocation proceedings. The District of Arizona therefore had jurisdiction to revoke Thomas's supervised release and to resentence him. Given this result, we need not-and do not-reach the question of whether Judge Real had the power to retain jurisdiction over revocation proceedings after issuing a transfer order.

## II

■ Under our deferential standard of review, we conclude that the sentence imposed was not unreasonable. The district court sufficiently grounded Thomas's sentence in § 3553(a) factors. *See* 18 U.S.C. § 3553(a). The court justified Thomas's sentence by reference to Thomas's history and characteristics, Thomas's need for rehabilitation, the danger Thomas presents to the community, and the specific and general need for deterrence. *See* 18 U.S.C. § 3583(e). The district court sufficiently articulated the reasons for choosing

* This panel unanimously finds this case suit-

the particular sentence imposed, as required under 18 U.S.C. § 3553(c). At the time he imposed the sentence, the district court referenced drug addiction, deterrence, and danger to the community, tying those § 3553(a) factors to his decision to give Thomas additional prison time.

## III

■ Except in circumstances not present here, ineffective assistance of counsel claims are more appropriately raised on collateral review. *United States v. Robinson,* 967 F.2d 287, 290 (9th Cir.1992). We therefore dismiss without prejudice Thomas's claim of ineffective assistance of counsel as premature.

**AFFIRMED IN PART; DISMISSED IN PART.**