**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Scott Lee LYTLE, Defendant—
Appellant.**

**No. 06–30319.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 2007.

Filed April 4, 2007.

Timothy J. Racicot, USMI–Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Christopher J. Daly, Esq., Missoula, MT, for Defendant–Appellant.

Before: O'SCANNLAIN, TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM *

A jury convicted Scott Lee Lytle on five counts related to a methamphetamine con-

---

* This disposition is not appropriate for publication and is not precedent except as provided

spiracy in southwestern Montana. Lytle appeals on two grounds. First, he challenges the district court's denial of his motion for a mistrial following statements by a prospective juror regarding the juror's children's prior drug use and their involvement with a state's witness. Second, he claims that the district court erred in admitting evidence seized from his trailer home.

While statements made during voir dire may require reversal if the statements "substantially affect[ ] or influence[ ] the verdict," *Mach v. Stewart*, 137 F.3d 630, 634 (9th Cir.1998), the statements at issue here did not have such effect. Unlike the statements in *Mach*, they were neither "expert-like" nor supportive of a state's witness. *Id.* at 633. The district court properly responded to the statements by removing the prospective juror and denying Lytle's motion for a mistrial.

Physical evidence is inadmissible unless the government shows "that such object is in substantially the same condition as when the crime was committed." *Gallego v. United States*, 276 F.2d 914, 917 (9th Cir.1960). In this case, the government provided ample documentation and testimony to show that the evidence remained unchanged as it moved through its chain of custody. *See United States v. Robinson*, 967 F.2d 287, 292 (9th Cir.1992) (noting that testimonial evidence can establish a chain of custody); *Gallego*, 276 F.2d at 917 (clarifying that testimonial evidence may be sufficient even with some gaps). "Merely raising the possibility of tampering is not sufficient to render evidence inadmissible." *United States v. Harrington*, 923 F.2d 1371, 1374 (9th Cir.1991), *cert. denied* 502 U.S. 854, 112 S.Ct. 164, 116 L.Ed.2d 128 (1991). The district court

by 9th Cir. R. 36–3.

did not err in admitting the evidence over Lytle's objections. The judgment of conviction is

AFFIRMED.