**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50068 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-01209-LAB-24 |
| v. | |
| DANIEL WILLIAMS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted March 5, 2014[**]
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

Daniel Williams appeals his conviction, after a jury trial, for making a false

statement to a federally insured bank in violation of 18 U.S.C. § 1014. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We reject Williams's argument that the district court erred in declining to admit law enforcement agents' testimony concerning statements made by some of Williams's co-defendants. As the proponent of this evidence, Williams bore the burden of establishing that the evidence was admissible. *City of Long Beach v. Standard Oil Co.*, 46 F.3d 929, 937 (9th Cir. 1995). In particular, Williams bore the burden of establishing that this evidence fell within a recognized hearsay exception. *See United States v. Satterfield*, 572 F.2d 687, 691 (9th Cir. 1978). On the record before the district court, it was not an abuse of discretion for the district court to conclude that Williams had not met this burden.

We decline to resolve Williams's ineffective assistance of counsel claim on direct appeal. We resolve such claims on direct appeal only if "the record on appeal is sufficiently developed to permit review and determination of the issue" or the defendant's legal representation at trial was "so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000) (quoting *United States v. Robinson*, 967 F.2d 287, 290 (9th Cir. 1992). Neither of these criteria are satisfied here. The record here is not sufficiently developed to resolve this issue: on the present record, it is clear what Williams's trial counsel did, but it is not clear "why it was done, and what, if any, prejudice resulted." *Id.* (quoting *United States v. Pope*, 841 F.2d 954,

958 (9th Cir. 1988). Likewise, Williams's trial counsel was not "obviously" ineffective: Williams's trial counsel cross-examined witnesses, gave opening and closing statements, filed motions *in limine*, and even obtained an acquittal for his client on one charge. Under these circumstances, counsel was not "obviously" ineffective. *Cf. United States v. Lillard*, 354 F.3d 850, 856-57 (9th Cir. 2003).

Nothing in this disposition shall prejudice Williams's ability to assert an ineffective assistance of counsel claim on collateral review under 28 U.S.C. § 2255.

**AFFIRMED.**