54 F.3d 786
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dion Lamont DANIELS, and Sherard Duprees Hicks, Defendants-Appellants.
 Nos. 94-10256, 94-10257.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 22, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this consolidated appeal, Dion Lamont Daniels appeals his conviction and 210-month sentence for armed bank robbery in violation of 18 U.S.C. Sec. 2113(a), (d), and Sherard Duprees Hicks appeals his conviction and 175-month sentence for armed bank robbery in violation of 18 U.S.C. Sec. 2113(a), (d). Pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for both Daniels and Hicks filed briefs stating that they find no meritorious issues for review. Daniel's and Hicks's counsel also filed motions to withdraw as counsel of record. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm the district court's judgment and grant counsels' motions to withdraw.
 
 
 3
 Daniels and Hicks, in nearly identical pro se briefs, contend that the district court took their guilty pleas in violation of Fed. R. Crim. P. 11 by failing to ensure that they understood or admitted the elements of the crime, failing to inform them of the maximum sentence, and neglecting to find a factual basis for the plea. The record belies all of these claims. The district court explained the elements of the crime of armed robbery to Daniels and Hicks, and they admitted their participation in the crimes. The government presented a statement of facts underlying their case against Daniels and Hicks, and the district court found a sufficient factual basis. Finally, the district court informed both appellants of the maximum sentence, and they both said they understood. The district court complied with Rule 11, and the guilty pleas were voluntary and knowing. See United States v. Roberts, 5 F.3d 365, 368 (9th Cir. 1993) (reviewing voluntariness of guilty plea and compliance with Rule 11 de novo).
 
 
 4
 Contrary to Daniels's and Hicks's claim, the district court did not err by increasing their base offense level six levels for using a firearm during the bank robbery, even though the government agreed to dismiss the charge of using a firearm during a crime of violence. See U.S.S.G. Sec. 6B1.2(a) (sentencing court may consider conduct underlying charge dismissed pursuant to plea agreement for purposes of section 1B1.3); United States v. Fine, 975 F.2d 596, 602-03 (9th Cir. 1992) (en banc) (dismissed counts may be used to determine offense level); see also United States v. Saldana, 12 F.3d 160, 163 (9th Cir. 1993) (district court may consider facts stipulated in plea agreement to determine offense level).
 
 
 5
 Finally, we do not consider appellants' claims that their attorneys were incompetent because the record on appeal is insufficient to allow review of the issue. See United States v. Robinson, 967 F.2d 287, 290 (9th Cir. 1992) (claims of ineffective counsel reviewed on direct appeal only where record is complete and counsel's representation is obviously inadequate).
 
 
 6
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no further issues for review. Counsel's motion to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 *
 Because we unanimously find this case suitable for decision without oral argument, we deny appellants' request for oral argument. See Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3