94 F.3d 654
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alejandro ORDONEZ, Defendant-Appellant.
 No. 94-50647.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alejandro Ordonez appeals his conviction and the 480-month sentence imposed after a jury found him guilty of conspiracy and possession with intent to distribute 935 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. Ordonez's counsel filed a brief arguing that the district court clearly erred when it determined that Ordonez was an organizer or leader of criminal activity involving five or more participants.
 
 
 3
 By leave of the Appellate Commissioner, Ordonez filed an oversized supplemental pro se brief arguing that: 1) his due process rights were violated when he was arrested on a pretext; 2) his defense counsel provided ineffective assistance; 3) the district court should have looked into his counsel's alleged conflict of interest; 4) the district court denied him the means to present an entrapment defense; and 5) he was sentenced upon the basis of false information. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 4
 We decline to address Ordonez's first claim, that police arrested him without legal cause, because there is nothing in the record to support the claim and because the government did not introduce any evidence obtained as a result of the allegedly illegal detention. See United States v. Arias-Villanueva, 998 F.2d 1491, 1502 (9th Cir.) (suppression issues moot when government does not present allegedly tainted evidence), cert. denied, 510 U.S. 937 (1993).
 
 
 5
 We reject as premature Ordonez's charges of ineffective assistance in accordance with our general policy of deferring such inquiries to collateral proceedings. See United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). We note for the record, however, that the district court commended counsel's performance and that the transcripts alone suggest that counsel rendered better than adequate assistance.
 
 
 6
 For similar reasons, we reject Ordonez's third claim, that his counsel represented conflicting interests. See United States v. Miskinis, 966 F.2d 1263, 1268-69 (9th Cir.1992) (when the record is insufficient to show an alleged conflict, the claim should not be reviewed on direct appeal). Again, however, we note that the record on appeal shows nothing resembling a conflict.
 
 
 7
 Ordonez complains that the district court prevented him from presenting a meritorious entrapment defense by denying, first, his request for a continuance and, second, his request for writs summoning two federal prisoners incarcerated in other states to testify on his behalf. We review both rulings for an abuse of discretion. United States v. Robinson, 967 F.2d 287, 291 (9th Cir.1992) (request for continuance); United States v. Smith, 924 F.2d 889, 896 (9th Cir.1991) (writ of habeas corpus ad testificandum). To have his conviction reversed, a defendant must show that the district court's denial of a continuance actually prejudiced his defense. United States v. Polizzi, 801 F.2d 1543, 1559 (9th Cir.1986).
 
 
 8
 Here, Ordonez showed no prejudice. His trial had been continued six times, moving its scheduled opening from May 4, 1993 to July 26, 1994. Before trial, he had four different appointed attorneys and the assistance of an appointed investigator. The witnesses whose testimony he claims would have exonerated him were convicted in other trials relating to his same crime. Their likely testimony, that they and Ordonez were entrapped, would have contradicted sworn representations by the government concerning the involvement in this crime of people who have not been indicted, whose whereabouts have not been ascertained, and whose connection with this crime has never been shown.
 
 
 9
 The district court denied Ordonez's motions, concluding, "There is absolutely nothing they could testify to." We agree, and find no abuse of discretion. See Robinson, 967 F.2d at 291; Smith, 924 F.2d at 896.
 
 
 10
 Ordonez claims, finally, that he was sentenced upon the basis of contested facts in his presentence report. Although he does not specify which facts, it appears from his pro se brief that he challenges the finding that he was an organizer or leader of criminal activity involving five or more participants. Upon this basis, the district court enhanced his base offense level by four points.
 
 
 11
 We review for clear error a district court's finding that a defendant was a leader or organizer under Guidelines section 3B1.1(a). United States v. Roberts, 5 F.3d 365, 371 (9th Cir.1993). A court may increase a defendant's base offense level under section 3B1.1 where it finds that the defendant exercised authority over only one of the five or more participants in the criminal activity. United States v. Barnes, 993 F.2d 680, 685 (9th Cir.1993), cert. denied, 115 S.Ct. 96 (1994).
 
 
 12
 Here, three of Ordonez's codefendants and an FBI informant all testified that Ordonez had called upon them to assist in loading and moving a one-ton shipment of cocaine. Each also testified to the involvement of Ordonez's sister and unindicted coconspirators named Carlos and Camillo. Ordonez testified that he was in Los Angeles on legitimate business when he unwittingly found himself in the middle of his codefendants' cocaine deal. The jury apparently believed the codefendants. Their credible testimony amply supported the district court's conclusion at sentencing. We discern no clear error. See Roberts, 5 F.3d at 371.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3