**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert WANN, Defendant–Appellant.**

No. 99–50220.
D.C. No. CR–97–00042–AHS–1.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2001.

Decided March 30, 2001.

Before KOZINSKI and TALLMAN, Circuit Judges, and FOGEL, District Judge.*

---

* Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

## MEMORANDUM **

### 1. *Ineffective Assistance of Counsel.*

Because Wann challenges the finding that his attorney properly advised him on entering the guilty plea and the district court made factual findings regarding the issue, we decide Wann's ineffective assistance of counsel claim on the merits. *See United States v. Robinson*, 967 F.2d 287, 290–91 (9th Cir.1992).

Wann received effective assistance of counsel in pleading guilty. Whitaker stated in his affidavit that Wann had read the plea agreement and that they had reviewed the agreement together. Wann testified under oath at the change of plea proceeding that he read and fully understood the plea agreement. The district court carefully reviewed with Wann the terms of the plea agreement and the rights and consequences of pleading guilty. On this basis, the district court discredited Wann's later assertions that he did not read or fully understand the plea agreement, and found that his plea was entered into voluntarily and intelligently. This finding was not clearly erroneous. *See United States v. Signori*, 844 F.2d 635, 638–39 (9th Cir.1988).

### 2. *The Alleged Brady Violations.*

Wann failed to establish that his *Brady* rights were violated by the prosecutor's failure to disclose any of the five pieces of evidence to which Wann asserts entitlement. To raise a *Brady* claim that occurred prior to entering the guilty plea, the defendant must demonstrate that the undisclosed information would have been material to his decision whether to plead guilty. *See Sanchez v. United States*, 50 F.3d 1448, 1453 (9th Cir.1995); *see also Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

■ Wann did not demonstrate that he was entitled to transcripts of the taped conversations with the informant under *Brady*. Any information contained on those tapes was information to which Wann was privy, since he was a participant in those conversations. He did not offer a specific example of their materiality on appeal, other than to argue that he may have gone to trial to assert an entrapment defense on the basis of the tapes. Without any evidence that he lacked a predisposition to commit the crime or evidence of actual government inducement, however, he could not plausibly make out an entrapment defense. *See Sanchez*, 50 F.3d at 1454.

■ Wann failed to establish that he was entitled to impeachment information on the informant. The government had ample evidence of Wann's guilt apart from any testimony that may have been offered by the informant, making it unlikely that impeachment of the informant, if he was to testify, would rise to the level of truly exculpatory evidence.

■ Wann did not show that he was entitled to the list of items seized by the government in searches it conducted while investigating the case. He was aware at the time that he pled that the government had possession of the items, and their existence tended to establish his guilt, not his innocence. Thus, it is improbable that the list contained material, exculpatory *Brady* information.

Wann failed to show that his criminal history is *Brady* information. Like the tapes, Wann was privy to this information, yet does not articulate how it might have materially affected his decision to plead guilty.

Finally, the prosecutor provided Wann with the source of the information establishing the $16 million loss figure, Visa International, prior to entering the guilty plea. Aside from the factual stipulation in the plea agreement, the statements from Visa International were the only other evidentiary basis for the loss calculation. Wann failed to show that the non-disclosure of any further information about the loss calculation, if it even existed, constituted a *Brady* violation.

### 3. *The Rule 11(c)(1) Error.*

Wann was advised that he could receive a maximum sentence of ten years, rather than the correct amount of fifteen years. He only received 110 months. Therefore, the district court's Rule 11(c)(1) error was harmless. *See United States v. Alber*, 56 F.3d 1106, 1109–10 (9th Cir.1995).

### 4. *The Waiver of Appeal.*

Because Wann failed to establish that he entered into the guilty plea or the plea agreement involuntarily or unintelligently, the plea agreement is valid, as is the waiver of the right to appeal contained within it.

DISMISSED.

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.